# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOANNA BOYD, | Case No. 2:20-cv-01577-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Joanna Boyd's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 4), Motion for Stay and Abeyance (ECF No. 6), Motions for Appointment of Counsel (ECF Nos. 7, 9), and Response (ECF No. 8) to the Court's Order to Show Cause ("OSC") (ECF No. 3). For the reasons discussed below, Boyd's IFP Application and Motions for Appointment of Counsel are granted and her Motion for Stay and Abeyance is denied without prejudice.

## **BACKGROUND**

Boyd seeks to challenge a 2019 conviction and sentence imposed by the Eighth Judicial District Court ("state district court"). State of Nevada v. Boyd, C-19-337577-1.[1] She entered a guilty plea to one count of child abuse, neglect, or endangerment, and one count of attempted second degree kidnapping. In July 2019, the state district court entered a judgment of conviction sentencing Boyd to an aggregate sentence of 4–15 years for both counts. Boyd did not file a direct appeal. Last month, she filed a pro se state petition for writ of habeas corpus ("state petition"), seeking post-conviction relief.[2] Boyd v. State of Nevada, A-20-821881-W.

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[2] The state district court's docket shows that Boyd has filed multiple post-judgment motions to dismiss in her criminal case, both before and after initiating this federal habeas action. The first of these motions, which sought to rescind the judgment of conviction, has already been denied and Boyd did not appeal.

Boyd initiated this federal habeas action on August 24, 2020, by filing an IFP application and a petition for writ of habeas corpus on a state court's form. (ECF No. 1.) This Court denied the IFP application without prejudice as incomplete and ordered Boyd to show cause in writing why this action should not be dismissed based on her failure to exhaust her state remedies. (ECF No. 3.) Boyd was advised that federal courts may stay a petition to allow a petitioner to present unexhausted claims to the state court without losing her right to federal review due to the one-year statute of limitations. This Court further informed Boyd of multiple errors in the petition and instructed her to amend the pleading if she chose to proceed with this case.

Boyd promptly responded to the OSC, filed an Amended Petition (ECF No. 5)[3] and complete IFP application, and moved for appointed counsel as well as a stay and abeyance to exhaust her state remedies.

## **DISCUSSION**

### I.     IFP APPLICATION

Boyd's new IFP application submits a financial certificate signed by an authorized officer at the Nevada Department of Corrections and certified copy of her inmate trust account statement for the six-month period preceding this habeas action, which were missing from the prior IFP application. She qualifies for pauper status and her IFP application is thus granted.

### II.    MOTIONS FOR APPOINTMENT OF COUNSEL

Boyd seeks the appointment of counsel to assist her in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel "when the interests of justice so require"). Id. § 3006A(a)(2). However,

---

[3] The amended petition realleges the same grounds for relief: (1) Boyd's Fifth Amendment double jeopardy right was violated because she was charged in a criminal complaint in justice court and later charged in a grand jury indictment in the state district court; and (2) Boyd's Sixth Amendment right to due process was violated because her case was not properly transferred from justice court to the state district court based on the double jeopardy violation and the state district court therefore lacked jurisdiction to enter a conviction.

counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court finds that the interests of justice require the appointment of counsel. The OSC (ECF No. 3) outlines the procedural complexity of this federal habeas action and the underlying state proceedings. Boyd did not file a direct appeal; however, she purportedly attempted to contact her trial counsel to do so but was unable to reach counsel, and Boyd later learned that counsel withdrew from her case shortly after sentencing. (See ECF No. 5 at 3–4.) Boyd did not timely file a state petition for post-conviction relief before Nevada's one-year statutory deadline but initiated state post-conviction proceedings last month. She commenced this federal action on the day the federal one-year limitation period was set to expire and has indicated her desire to use the stay and abeyance procedure to hold her amended petition as a "protective petition" while she exhausts state remedies. Given the myriad of procedural obstacles Boyd's situation presents, the Court is persuaded that the interests of justice require appointed counsel. As such, the motions are granted.

### III. MOTION FOR STAY AND ABEYANCE

Boyd has requested a stay and abeyance to exhaust state remedies. The Court will deny this motion without prejudice to allow appointed counsel to assess the case and further amend the petition before seeking appropriate relief.

**IT IS THEREFORE ORDERED:**

1. Petitioner Joanna Boyd's IFP Application (ECF No. 4) and Motions for Appointment of Counsel (ECF Nos. 7, 9) are GRANTED.

2. Boyd's Motion for Stay and Abeyance (ECF No. 6) is DENIED WITHOUT PREJUDICE.

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Boyd or to indicate the office's inability to represent Boyd in these proceedings. If the Federal Public Defender is unable to

represent Boyd, the Court will appoint alternate counsel. The counsel appointed will represent Boyd in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Boyd at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: October 20, 2020

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**