# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOANNA BOYD,

                Petitioner,

v.

STATE OF NEVADA, et al.,

                Respondents.

Case No. 2:20-cv-01577-RFB-BNW

**ORDER**

This habeas matter is before the Court on Petitioner Joanna Boyd's Motion for Leave to File Second Amended Protective Petition for Writ of Habeas Corpus (ECF No. 12) and Motion for Scheduling Order (ECF No. 13), as well as the Notice of Appearance (ECF No. 11) by the Federal Public Defender on behalf of Boyd.

Boyd seeks to pursue a "two-step" procedure whereby she: (a) files a counseled second amended protective petition to potentially ensure all possible claims counsel has identified so far are timely preserved for federal review; and (b) thereafter files a third amended petition after counsel has had a full opportunity to independently investigate all potential claims. The Court has expressly authorized such a two-step procedure in prior cases, and it does so here. See, e.g., McMahon v. Neven, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev. May 29, 2014) (explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation). The Court expresses no opinion as to the putative expiration date of the limitation period in this case.

**IT IS THEREFORE ORDERED:**

1. Petitioner Joanna Boyd's Motion for Leave to File Second Amended Protective Petition for Writ of Habeas Corpus (ECF No. 12) and Motion for Scheduling Order (ECF No. 13) are GRANTED.

2. The Federal Public Defender, through Jonathan Kirshbaum, Esq., is appointed as

counsel for Boyd pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Boyd in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

3. The Clerk of Court is directed to FILE the proposed second amended petition (ECF No. 12-1).

4. Boyd will have until **90 days** from entry of this order to file a third amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Boyd at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. Respondents are not required to respond to the second amended petition at this time:
   a. If Boyd choses to file a third amended petition, Respondents must file a response within **60 days** of service of a third amended petition; or
   b. If Boyd chooses *not* to file a third amended petition, Respondents must, within **60 days** of the expiration of the time to do so, file a response to the second amended petition.

6. Boyd may file a reply within **30 days** of service. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by the local rules.

7. Any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a

procedural-defense response.  If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response in chronological order.

10. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.  *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 22nd day of October 2020.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE